PER CURIAM:
On October 1, 1981, at approximately 10:00 p.m., claimant Frieda Leggett was driving south on Interstate 77 at approximately 45-50 miles per hour near Ripley, Jackson County. 1-77 is a four-lane highway. On the date in question, the right lane of the two southbound lanes was closed as employees of respondent were performing maintenance. Claimant Frieda Leggett was driving a 1976 Ford Granada titled in both her own name and that of her husband, William Leggett.
As she approached the construction area, she stated that she observed a "Keep Right" sign and black barrels placed across the right lane. Claimant Frieda Leggett then went to the left lane and drove for approximately a mile or a mile and a half. She said she saw an opening and on down, about 100 feet, a car in the right lane. She said she saw the car's tail lights and thought that this was where she was supposed to turn. She said she did not see any barrels ahead of her and saw nothing which prevented her from the switching from the left to the right lane. She straightened up in the right lane and drove into an excavated hole. She estimated this hole to be three or four feet deep. Claimants asked for an award in the amount of $75,000 incident to property damages and personal injuries.
The investigating trooper, Michael Bright, an employee of the Department of Public Safety, testified that orange-colored barrels were clearly in evidence in the construction area. However, he had measured a distance of 282 feet between barrels where the vehicle had moved from the left lane to the right lane. He did not remember seeing any warning signs and did not observe a 'Keep Right" sign. Claude Blake, respondent's investigator, testified that he had made an error, in his answers to interrogatories, when he listed the presence of two "Keep Right' signs in the construction area; that his answer should have been that there were two 'Keep Left" signs. He was unable to provide documentation to support this correction.
Three different employees testified that they participated in placing orange and white-colored barrels at a distance of 50-60 feet apart in the area of construction on 1-77 near Ripley on September 24, 1981 in accordance with the Case 20 Diagram in a Traffic Control Manual. In addition, warning signs were placed at that time. William R. Whited, an employee of respondent, testified that on October 1, 1981, he was working at patching holes on 1-77 near Ripley. He did not observe either a 'Keep Right' sign nor any barrels with a distance of 282 feet *70 between them. James Kiser, a general foreman with respondent in October, 1981, testified that he was working on the concrete patching on October 1, 1981 and 60 days prior to October 1, 1981. He did not observe barrels out of place, nor a "Keep Right' sign on 1-77 near Ripley.
Testimony failed to establish negligence on the part of the respondent. The barrels and warning signs were placed in accordance with respondent's regulations.
It is the opinion of the Court that the evidence in this claim does not establish such negligence on the part of the respondent as to justify an award.
Claim disallowed.