PER CURIAM:
Claimants brought this action for damage to their 2003 Oldsmobile Alero which occurred as the result of a rock slide on State Route 85 in Madison, Boone County. State Route 85 is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 11:30 a.m. *116 on August 1, 2009. At the time of the incident, Ms. Jarrell was driving and her two children were passengers in the vehicle. State Route 8 5 is a paved, two-lane road with white edge lines and yellow center lines. The speed limit is forty miles per hour. Ms. Jarrell stated that she and her children were traveling to Camden Park in clear conditions. The incident occurred between the Benjamin Price Bridge and McDonald’s. Ms. Jarrell testified that she was driving on a straight stretch of road on State Route 85 when she observed between twenty and twenty-five small rocks that were falling from the hillside adjacent to the roadway. Although Ms. Jarrell slowed the vehicle down to between twenty and twenty-five miles per hour, she was unable to avoid a very large boulder that was falling onto the roadway. The boulder that fell caused damage to the vehicle, which rendered it a total loss. There were no falling rock signs in the area. Claimants seek to recover $5,000.00 for the value of the vehicle plus Ms. Jarrell’s work loss. Claimants had liability insurance only.
The position of the Respondent is that it did not have actual or constructive notice of the rock slide on State Route 85 at the time of the incident. Respondent did not present a witness at the hearing of this matter.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, a Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
This Court has consistently held that the unexplained falling of a boulder or rock debris on the road surface is insufficient to justify an award. Coburn v. Div. of Highways, 16 Ct. Cl. 69 (1986); Hammond v. Dep’t of Highways, 11 Ct. Cl. 234 (1977). In order to establish liability on behalf of Respondent, the evidence must establish that Respondent had notice of the dangerous condition posing the threat of injury to property and a reasonable time to take suitable action to protect motorists. Alkire v. Div. of Highways, 21 Ct. Cl. 173 (1997).
In the instant case, the Court is of the opinion that Respondent had at least constructive notice that this particular area on State Route 8 5 was prone to rock slides. Although Respondent cannot be held responsible for every rock that falls onto a highway, the size of the boulder leads the Court to conclude that Respondent should have inspected and maintained the hillside to prevent such a hazard to the traveling public. Since the berm is narrow at this location, it is foreseeable that rocks could fall onto the roadway. Respondent did not present a witness to rebut Ms. Jarrell’s testimony that there were no falling rock signs in the area. Therefore, the Court is of the opinion that Respondent was negligent. The Court has determined that $3,683.80 is a fair and reasonable amount to compensate the Claimants for their loss. This amount represents the Blue Book value of the vehicle plus Ms. Jarrell’s work loss.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does make an award to the Claimants in the amount of $3,683.80.
Award of $3,683.80.